```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

ROMUALDO SILVA ROCHA,

       Plaintiff,

v.                                    Case No. 8:21-cv-291-VMC-AEP

GEICO GENERAL INSURANCE
COMPANY,

       Defendant.
_____/

## ORDER

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

## Discussion

"Federal courts have limited subject matter jurisdiction[.]" Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Romualdo Silva Rocha originally initiated this insurance action arising out of an automobile accident in

state court on December 14, 2020. (Doc. # 1-1). Thereafter, on February 5, 2021, Defendant GEICO General Insurance Company removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, the complaint does not state a specified damages claim. (Doc. # 1-1 at ¶ 1) ("This is an action for damages in excess of Thirty Thousand Dollars"). Instead, in its notice of removal, GEICO relied upon Rocha's policy limit of $100,000, the civil remedy notice of insurer violation (CRN) Rocha filed with the Florida Department of Financial

Services, which stated that the case was "clearly worth over the policy limits of $100,000," a pre-suit demand letter requesting the full policy limit of $100,000, and medical records demonstrating $36,085.16 in past medical expenses and $286,000 in potential future costs. (Doc. # 1 at 11-13).

Upon review of GEICO's notice of removal, the Court was "unable to determine whether the amount in controversy has been met by Rocha's damages claim without engaging in heavy speculation." (Doc. # 4). Specifically, the Court noted that GEICO provided no "concrete factual support that Rocha's damages exceed $75,000, as the only concrete sum is $36,085.16 in past medical expenses." (Id.). The Court gave GEICO an opportunity to provide additional information to establish the amount in controversy. (Id.).

GEICO has now responded to the Court's Order in an attempt to establish the Court's diversity jurisdiction. (Doc. # 14). But GEICO still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its response, GEICO reiterates its opinion that the CRN and pre-suit demand letter establish an amount in controversy of $100,000, as both demand the full policy limit. (Id. at 4). GEICO also points out that Rocha alleges a permanent injury, therefore future medical expenses and

3

future pain and suffering are at issue, pushing the amount in controversy over $75,000. (Id. at 5).

However, the only damages incurred so far remain the $36,085.16 in past medical expenses that Rocha attached to his demand letter. (Id.; Doc. # 1-3 at 6-7). (Doc. # 14 at 5). While GEICO asserts that Rocha is "**open** to all avenues of treatment," including physical therapy, injections, and surgery, it provides no concrete information regarding these potential expenses. (Doc. # 14 at 5) (emphasis added). Nor does GEICO provide any details from which the Court can extrapolate the cost of Rocha's future pain and suffering. (Id.). Accordingly, these categories of damages are too speculative to include in the amount in controversy calculation. See, e.g., Pierre v. Gov't Emps. Ins. Co., No. 8:17-cv-1108-T-33JSS, 2017 WL 2062012, at *2 (M.D. Fla. May 13, 2017) (finding no basis to determine the amount in controversy when the complaint made "passing reference[s]" to "medical expenses," "out-of-pocket expenses," and "expense[s] of hospitalization," but "no specific procedures or corresponding costs [were] detailed").

Although GEICO attempts to use Rocha's demand letter as evidence of the amount in controversy, demand letters do not automatically establish the amount in controversy. See Lamb

v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-TJC-JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"). Indeed, "[w]here demand letters reflect only puffing and posturing without providing specific information to support [the] plaintiff's claim for damages, they do not establish the requisite amount in controversy." Aijde Wanounou, Inc. v. Scottsdale Ins. Co., No. 20-cv-23491-BLOOM/Louis, 2020 WL 5035248, at *2 (S.D. Fla. Aug. 26, 2020) (citations omitted).

Nor does the Court find Rocha's CRN, which demands the full policy limit of $100,000, compelling absent any additional factual support. See Green v. Travelers Indem. Co., No. 3:11-cv-922-RBD-TEM, 2011 WL 4947499, at *3 (M.D. Fla. Oct. 18, 2011) ("Civil [r]emedy [n]otices say nothing about the amount in controversy. They are precursors to bad-faith-failure-to-settle claims that may be brought against an insurer in the future.").

The policy limit itself is no more illuminating. "In determining the amount in controversy in the insurance context, . . . it is the value of the claim, not the value of the underlying policy, that determines the amount in

5

controversy." Martins v. Empire Indem. Ins. Co., No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008) (quotation omitted); see also Amerisure Ins. Co. v. Island Crowne Developers, L.C., No. 6:10-cv-221-HES-DAB, 2010 WL 11626694, at *2 (M.D. Fla. Apr. 28, 2010) ("[A] showing that the policy amount exceeds $75,000 does not in and of itself establish that the amount in controversy requirement has been met because the value of the underlying claim may be for less than the policy limits[.]").

Therefore, GEICO has failed to persuade the Court that the amount in controversy exceeds $75,000. The only concrete damages incurred fall below $37,000, and no information has been provided to reasonably calculate other categories of damages. Thus, GEICO has not carried its burden of establishing this Court's diversity jurisdiction. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

6

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of February, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE